IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

HATTIE WILLIAMS,

    Plaintiff,

vs.                                                                No. 14-1274-STA-dkv

FAYETTE COUNTY BOARD OF EDUCATION,

    Defendant.
_____

REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO REOPEN CASE
AND MOTION FOR SANCTIONS AND TO ENFORCE SETTLEMENT AGREEMENT OR
RETURN THE SETTLEMENT PROCEEDS TO THE DEFENDANT
_____

    Before the court is the motion of the defendant, Fayette County Board of Education, filed September 17, 2015, to reopen this case in order to have the settlement agreement enforced or to return the settlement proceeds to the defendant. (Def.'s Mot., ECF No. 25.) The plaintiff filed a response in opposition to the motion on September 24, 2015. (Pl.'s Resp., ECF No. 26.) The motion was referred to the United States Magistrate Judge for a hearing and Report and Recommendation. (Order of Reference, ECF No. 27.)

    A hearing on the motion was held on October 9, 2015. Present at the hearing were Darrell J. O'Neal, attorney for the plaintiff, and Charles M. Purcell, attorney for the defendant. The parties were not present. For the reasons stated at the

1

hearing and as follows, it is recommended that the case be reopened and the case be referred again to Joe G. Riley for further mediation.

On July 14, 2015, Joe G. Riley conducted a mediation conference in this case pursuant to the Court's Plan for Alternative Dispute Resolution. As a result of the mediation, the case settled. By letter dated August 11, 2015, counsel for the defendant forwarded to counsel for the plaintiff a document entitled "Settlement Agreement and General Release of All Claims" along with a check in the amount of $50,000 and a proposed Order of Dismissal with Prejudice. The language in the Settlement Agreement and General Release had been negotiated between the parties. Counsel for the plaintiff deposited the check into his escrow account, and the plaintiff's portion of the settlement proceeds remains in his escrow account.

The plaintiff refused to sign the General Release and Settlement Agreement. The plaintiff maintains that the Post Mediation Agreement provided by the mediator and signed by all the parties at the conclusion of the mediation is sufficient and there is nothing in the Post Mediation Agreement that requires the plaintiff to sign any other documents.

The defendant insists the settlement contemplated the signing of a Settlement Agreement and General Release. Further, the defendant states that its August 11, 2015 letter

specifically provided that the settlement check was not to be negotiated until the Settlement Agreement and General Release was signed.

On August 18, 2015, the court entered an order of dismissal with prejudice submitted by the parties, (Order Dismissing Case, ECF No. 23), and a final judgment on August 19, 2015, (Judg., ECF No. 24).

The court finds that there is a dispute of fact as to whether the parties contemplated signing a Settlement Agreement and General Release and whether the proposed Settlement Agreement and General Release reflects the terms of the settlement agreed to by the parties. An evidentiary hearing will be necessary to resolve these factual issues. However, before an evidentiary hearing is held, it is recommended that the parties be ordered to engage in further mediation with Joe G. Riley to see if these issues can be resolved.

Respectfully submitted this 9th day of October, 2015.

s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE
Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.

A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.